IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-CR-149-PLR-DCP |
| ) | |
| PIO JOSE ALEMAN DUARTE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Pio Jose Aleman Duarte's Motion to Continue [Doc. 19], filed on October 21, 2019, and asking to continue the November 12, 2019 trial date, as well as the motion and plea deadlines in this case. Defendant Aleman Duarte requests a continuance to give his attorney additional time to resolve pretrial matters and to prepare the case for trial. Defendant contends that a trial continuance would further the ends of justice because the need for additional time to prepare for trial outweighs the interests of the public and the Defendant in a speedy trial. The motion states that counsel has explained the right to a speedy trial to the Defendant, who understands that all time between the filing of the motion and the new trial date will be fully excludable. The motion also relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of January 28, 2020.

The Court finds the Defendant's motion to continue the trial and other deadlines to be unopposed by the Government and to be well-taken. The Court also finds that the ends of justice

served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 11] charges Defendant Aleman Duarte with a single count of illegal reentry by a previously removed or deported alien in violation of 8 U.S.C. § 1326(a). The Defendant first appeared in this case on a Criminal Complaint on August 5, 2019, and at that time, the Court appointed [Doc. 4] Assistant Federal Defender Mary Margaret Kincaid and the Federal Defender Services of Eastern Tennessee to represent him. In the motion, Ms. Kincaid relates that, despite the exercise of due diligence, she needs additional time to resolve pretrial matters and to prepare the case for trial. The Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, despite counsel's exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's unopposed motion [**Doc. 19**] to continue the trial date is **GRANTED**, and the trial is reset to **January 28, 2020**. The Court finds that all the time between the filing of the motion for a continuance on **October 21, 2019**, and the new trial date of **January 28, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the deadline for filing pretrial motions is extended to **November 22, 2019**. Responses to pretrial motions are due on or before **December 6, 2019**. The parties are to appear before the undersigned for a motion hearing on **December 16, 2019, at 1:30 p.m.** Due to the need to secure an interpreter for this motion hearing, any request to cancel or continue this hearing must be made by the close of business three business days prior to the hearing, which in this case would be **December 11, 2019, at 5:00 p.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 7, 2020**. All motions *in limine* must be filed no later than **January 13, 2020**. If the parties need a final pretrial conference, they must contact the undersigned's Chambers, at least three weeks prior to the trial date, to request one. Special requests for jury instructions shall

be submitted to the Chief District Judge no later than **January 17, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue [**Doc. 19**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 28, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3) All time between the filing of the motion on **October 21, 2019**, and the new trial date of **January 28, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **November 22, 2019**. Responses to pretrial motions are due on or before **December 6, 2019**;

(5) The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **December 16, 2019, at 1:30 p.m.** ANY REQUEST TO CANCEL OR CONTINUE THIS MOTION HEARING MUST BE MADE BY THE CLOSE OF BUSINESS THREE BUSINESS DAYS BEFORE THE HEARING (i.e, on or before **December 11, 2019, at 5:00 p.m.**), DUE TO THE NEED TO SECURE AN INTERPRETER FOR THIS HEARING;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 7, 2020**;

(7) Motions *in limine* must be filed no later than **January 13, 2020**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **January 17, 2020.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge