# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-149-PLR-DCP |
| | ) | |
| PIO JOSE ALEMAN-DUARTE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 16, 2019, for a motion hearing on the Defendant's Motion to Continue Motions Deadline [Doc. 21] and Motion for Pretrial Release [Doc. 22]. Assistant United States Attorney William A. Roach, Jr., appeared on behalf of the Government. Assistant Federal Defender Mary Margaret Kincaid represented Defendant Pio Jose Aleman-Duarte, who was also present and participated with the aid of an interpreter.

In his motion, Defendant Aleman-Duarte asks the Court to continue his November 22, 2019 motion deadline for sixty days, which would be January 21, 2020. He states that on September 26, 2019, defense counsel made a Freedom of Information Act ("FOIA") request for information relating to his underlying immigration matter. Counsel believes she should receive this information in four to six months. The Defendant argues that review of this information is necessary to determine whether he has any pretrial motions. The motion relates that the Defendant understands his right to a speedy trial and that the time relating to the requested extension will be

excludable. The motion also relates that the Government does not oppose the requested extension.

At the December 16 hearing, the Court observed that a sixty-day extension of the motion deadline would have any motions being filed one week before the January 28, 2020 trial date. Ms. Kincaid acknowledged that granting the Defendant's request would require a trial continuance. She stated that the Defendant is facing significant time under the sentencing guidelines, so it is important for her to receive the information from the FOIA request to determine whether he can mount a collateral challenge to his prior removal. AUSA Roach confirmed that the Government does not object to a continuance of the motion deadline or the trial. The parties agreed on a new trial date of June 30, 2020. The Court also heard argument on the detention issue, which will be addressed in a separate Order.

The Court takes the Defendant's motion for an extension of the deadlines in this case to include an oral motion to continue the trial. The Court finds the motion for a continuance of the trial and schedule to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The motion-filing deadline in this case was previously extended [Doc. 20] to November 22, 2019. Defense counsel is awaiting information relating to the Defendant's prior removal, which information she sought through a FOIA request. Counsel expects to receive this information soon. Once she receives the information, counsel will need time to review the information, to confer with the Defendant, and to prepare and file pretrial motions. The filing and litigation of pretrial motions cannot occur before the January 28, 2020 trial date or in less than six and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the necessary time to prepare for trial, despite her use of due diligence. *See* 18

U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's oral motion to continue the trial date is **GRANTED**, and the trial is reset to **June 30, 2020**. The Court finds that all the time between the filing of the motion to extend the motion deadline on **November 22, 2019**, and the new trial date of **June 30, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the parties are to file responses to the amended pretrial services report by **December 30, 2019**. The Defendant's Motion to Continue Motions Deadline [**Doc. 21**] is also **GRANTED**. The deadline for filing pretrial motions is extended to **January 21, 2020**. Responses to pretrial motions are due on or before **February 4, 2020**. The parties are to appear before the undersigned for a motion hearing on **February 26, 2020, at 1:30 p.m.** Due to the need to secure an interpreter for this motion hearing, any request to cancel or continue this hearing must be made by the close of business three business days prior to the hearing, which in this case would be **February 21, 2020, at 5:00 p.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **May 26, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **June 9, 2020, at 10:00 a.m.** All motions *in limine* must be filed no later than **June 15, 2020**. Requests for special jury instructions shall be filed no later than **June 19, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 30, 2020, at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3)  All time between the filing of the motion to extend the motion deadline on **November 22, 2019**, and the new trial date of **June 30, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to file responses to the amended pretrial services report by **December 30, 2019**.

(5)  The Defendant's Motion to Continue Motions Deadline [**Doc. 21**] is also **GRANTED**.  The deadline for filing pretrial motions is extended to **January 21, 2020**.  Responses to pretrial motions are due on or before **February 4, 2020**;

(6) The parties are to appear before the undersigned for a hearing on all pending pretrial motions on **February 26, 2020, at 1:30 p.m.** ANY REQUEST TO CANCEL OR CONTINUE THIS MOTION HEARING MUST BE MADE BY THE CLOSE OF BUSINESS THREE BUSINESS DAYS BEFORE THE HEARING (i.e., on or before **February 21, 2020, at 5:00 p.m.**), DUE TO THE NEED TO SECURE AN INTERPRETER FOR THIS HEARING;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **May 26, 2020**;

(8)  The parties are to appear before the undersigned for a final pretrial conference on **June 9, 2020, at 10:00 a.m.**;

(9) Motions *in limine* must be filed no later than **June 15, 2020**; and

(10) Requests for special jury instructions with appropriate citations shall be filed by **June 19, 2020.**

**IT IS SO ORDERED.**

                ENTER:

                _Debra C. Poplin_
                Debra C. Poplin
                United States Magistrate Judge